UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 21-22252-CIV-MARTINEZ

ARCH SPECIALTY INSURANCE
COMPANY,

    Plaintiff,

v.

LAKE VILLA CONDOMINIUM
ASSOCIATION, INC., et al.,

    Defendants.
_____/

## **OMNIBUS ORDER ON MOTIONS TO DISMISS**

THIS CAUSE came before this Court upon Defendant Lake Villa Condominium Association, Inc.'s ("Lake Villa") Motion to Dismiss or, in the Alternative, Stay Counts III, IV, V, and VI of the Complaint and Incorporated Memorandum of Law ("Lake Villa's Motion"), (ECF No. 15); and Defendant Raquel Rodriguez's Amended Motion to Dismiss or, in the Alternative, Stay the Complaint ("Rodriguez's Motion"), (ECF No. 48).[1] This Court has reviewed Lake Villa's Motion, Rodriguez's Motion, and the respective responses and replies and is otherwise fully advised of the premises. Accordingly, and for the reasons set forth herein, Lake Villa's Motion, (ECF No. 15), and Rodriguez's Motion, (ECF No. 48), are GRANTED IN PART and DENIED IN PART.

---

[1] This Court notes that Defendant Danijela Juretic had joined in Rodriguez's Motion but subsequently settled with Plaintiff and was dismissed from this case. (*See* Order Dismissal without Prejudice, ECF No. 51.) This Court also notes that Rodriguez's Motion amends Rodriguez's original motion to dismiss, (ECF No. 47), rendering the original motion moot. Accordingly, Rodriguez's original motion to dismiss, (ECF No. 47), is DENIED as MOOT.

I. **BRIEF FACTUAL BACKGROUND**

This case for declaratory relief stems from an action filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case Number: 2016-007048-CA-27 (the "Underlying Action") in which Plaintiff here, Arch Specialty Insurance Company, agreed to defend its insureds, Defendants Lake Villa and FirstService Residential Florida, Inc. ("FirstService"), subject to a complete reservation of rights. (Compl. ¶¶ 15–30, ECF No. 1.) The Underlying Action involves claims filed by Defendants Rodriguez and Juretic (the "Underlying Plaintiffs") against Lake Villa and FirstService for alleged bodily injury and property damage caused by water intrusion into the Underlying Plaintiffs' unit from Defendants Debra and Daniel Zabludowski's unit. (*Id.* ¶ 18.)

Plaintiff is not a party to the Underlying Action; rather, Plaintiff is Lake Villa and FirstService's insurer under two pertinent insurance policies, policy numbers AGL001704-00 and AGL001704-01, which were effective from June 20, 2013, to June 20, 2014, and June 20, 2014, to June 20, 2015, respectively (the "Policies"). (*Id.* ¶¶ 12, 30.) Through this action, Plaintiff seeks a declaration that, under the Policies, it (1) has no duty to defend Lake Villa and First Service in the Underlying Action and, therefore, has no duty to indemnify or (2) in the alternative, it has no or a substantially limited duty to indemnify Lake Villa and First Service from recovery in the Underlying Action. (*Id.* ¶ 25.) Plaintiff takes the position

> (a) that damage claimed in the Underlying Action took place outside of the policy periods of the Policies; (b) that damage claimed in the Underlying Action was known to [Lake Villa] and/or to FirstService prior to the inception of coverage under the Policies; (c) that some or all of the damage claimed in the Underlying Aciton is excluded by the total pollution exclusion with a hostile fire exception endorsement; and (d) that some or all of the damage claimed in the Underlying Action is excluded from coverage by the fungi or bacteria exclusion endorsement.

(*Id.* ¶ 26.) Plaintiff also alleges that

> determining when damage took place; when [Lake Villa] and FirstService had knowledge of the alleged damage; whether pollution played a role in causing the alleged damage; and whether fungus, mildew or mold played a role in causing the alleged damage are irrelevant to establishing [Lake Villa] and FirstService's liability, and will not be decided in the Underlying Action.

(*Id.* ¶ 29.)

The Complaint seeks this Court's declaration on six Counts against Defendants: (1) no duty to defend for damage that did not occur during the policy periods, (Count I); (2) No duty to defend under the known loss doctrine, (Count II); (3) no duty to indemnify for damage that did not occur during the policy period, (Count III); (4) no duty to indemnify under the known loss doctrine, (Count IV); (5) no duty to indemnify based on the total pollution exclusion with a fistile fire exception endorsement, (Count V); and (6) no duty to indemnify based on the fungi or bacteria exclusion endorsement, (Count VI). (*Id.* ¶¶ 39–86.) In response, Lake Villa moves to dismiss or stay Counts III–VI of the Complaint because it contends those counts are not ripe for consideration until the Underlying Action is resolved. (Lake Villa's Mot. Dismiss, ECF No. 15.) Rodriguez joins in all parts of Lake Villa's Motion and moves to dismiss or Counts I and II because Rodriguez contends that the factual issues at bar here will be decided in the Underlying Action.[2] (Rodriguez's Motion, ECF No. 48.)

## II. DISCUSSION

The Declaratory Judgment Act provides that, "[i]n a case of *actual controversy* within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such a determination, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). "Congress limited federal jurisdiction under the Declaratory Judgment Act to actual controversies,

---

[2] To the extent that Rodriguez's Motion adopts and incorporates Lake Villa's Motion in full, both motions will be discussed as one.

in statutory recognition of the fact that federal judicial power under Article III, Section 2 of the United States Constitution extends only to concrete 'cases or controversies.'" *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir.1995). The threshold question in this declaratory judgment action is, therefore, whether an "actual controversy" exists.

This Court's jurisdiction over a declaratory judgment action is entirely within its discretion. *See, e.g.*, *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). As the Eleventh Circuit has outlined, the Declaratory Judgment Act "only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942)). In *Ameritas*, the Eleventh Circuit outlined a non-exhaustive list of nine factors district courts should weigh in determining whether to wield their discretion to entertain an action brought under the Declaratory Judgment Act in the presence of parallel state proceedings:

> (1) The strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (2) whether the judgment in the federal declaratory action would settle the controversy; (3) whether the federal declaratory action would serve a useful purpose of "procedural fencing"—that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable; (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; (6) whether there is an alternative remedy that is better or more effective; (7) whether the underlying factual issues are important to an informed resolution of the case; (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Id.* at 1330; *see also First Mercury Ins. v. Excellent Computing Distribs., Inc.*, 648 F. App'x 861, 866 (11th Cir. 2016) ("Although in *Ameritas*, we reviewed the district court's discretionary dismissal of a federal declaratory judgment action in the face of a parallel state proceeding—one

involving substantially the same parties and substantially the same issues—we have never held that the *Ameritas* factors apply only when reviewing parallel action.")

In applying the *Ameritas* factors to the present case, abstention is not warranted. The first, second, and third factors weigh in favor of deciding the declaratory judgment action as it relates to Counts I and II of the Complaint. While the Policies were issued in Florida to a Florida corporation, Florida has no particular interest in this action because no Florida court presides over a case involving the sole issue raised here: insurance coverage. This action would also serve to potentially "settle the controversy" or "serve a useful purpose in clarifying the legal relations" surrounding Plaintiff's duty, or lack thereof, to provide coverage for a judgment rendered in the Underlying Action.

As it relates to the fourth *Ameritas* factor, this action does not implicate *res judicata* in the state court action, especially considering that, under Florida law, whether a duty to defend exists "depends solely on the allegations in the complaint filed against the insured." *Tropical Park, Inc. v. U.S. Fid. & Guar. Co.*, 357 So. 2d 253, 256 (Fla. 3d DCA 1978); *see also Trizec Props., Inc. v. Biltmore Constr. Co.*, 767 F.2d 810, 811 (11th Cir. 1985). ("All doubts as to whether a duty to defend exists are resolved against the insurer and in favor of the insured . . . , and if the complaint alleges facts which create potential coverage under the policy, the duty to defend is triggered." (citations omitted) (first citing Appleman *Insurance Law & Practice* 99–100 (Berdal ed. 1979); and then citing *Tropical Park*, 357 So. 2d at 256)). In fact, in determining Plaintiff's duty to defend, "the 'actual facts' of the situation are not pertinent to issues involved in the case before [this Court]." *See Baron Oil Co. v. Nationwide Mut. Fire Ins.*, 470 So. 2d 810, 814 (Fla. 1st DCA 1985) (citations omitted) (first citing *Nat'l Union Fire Ins. v. Lenox Liquors, Inc.*, 358 So. 2d 533, 535 (Fla. 1977); and then quoting *Fed. Ins. v. Applestein*, 377 So. 2d 229, 233 (Fla. 3d DCA 1979))).

Accordingly, because Plaintiff's duty to defend, or lack thereof, can be analyzed without this fact-finding by this Court, "procedural fencing" is of no concern. *See, e.g.*, *Auto-Owners Ins. v. Hickory Springs Estates Homeowners Ass'n, Inc.*, No. 08-CV-049, 2008 WL 5381971, at *4 (N.D. Ga. 2008). Likewise, the seventh and eighth factors also weigh against abstention for the same reason: An insurer's duty to defend a lawsuit brought against its insured is determined by comparing the language of the insurance contract to the allegations set forth in the complaint, regardless of the truth of the allegations. *See Baron Oil*, 470 So. 2d at 814.

The fifth and sixth facts also weigh against abstention. The issue of insurance coverage is not currently pending in the Underlying Action, so there are no federalism, comity, or gratuitous interference concerns in this Court deciding to retain jurisdiction over this action. *See Ameritas*, 411 F.3d at 1330–31. Similarly, there is no indication that allowing this action to proceed as it relates to Plaintiff's duty to defend, or lack thereof, would be inefficient or burdensome. Finally, while issues of insurance coverage raised in this action must be decided in accordance with state law, they are not currently pending in the state court action. Consequently, this factor, too, weighs against abstention.

Accordingly, the application of the nine *Ameritas* factors strongly favors this Court retaining jurisdiction over this action as it relates to whether Plaintiff owes a duty to defend in the Underlying Action. To dismiss or stay this action in its entirety is, therefore, not appropriate in this case. Therefore, to the extent Rodriguez's Motion requests that this Court dismiss or Stay Counts I and II of the Complaint, Rodriguez's Motion, (ECF No. 48), is DENIED. The answer to the question whether this Court should stay or dismiss the Counts of the Complaint that relate to Plaintiffs' duty to indemnify (Counts III–Vi), however, differs.

An insurer's duty to indemnify is separate and apart from the duty to defend; the latter is broader than the former. *See Trizec Props.*, 767 F.2d at 811–12; *W. World Ins. v. Cigna Corp*, 718 F. Supp. 1518, 1520 (S.D. Fla. 1989). Unlike an insurer's duty to defend, a declaratory judgment related to an insurer's duty to indemnify "is not ripe for adjudication until the underlying lawsuit is resolved. *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 770 (11th Cir. 2019); *see also Allstate Ins. v. Emps. Liab. Assurance Corp.*, 445 F.2d 1278, 1281 (5th Cir. 1971) ("No action for declaratory relief will lie to establish an insurer's liability in a policy clause contest such as the one at bar until a judgment has been rendered against the insured since, until such judgment comes into being, the liabilities are contingent and may never materialize." (citing *Am. Fidelity & Cas. Co. v. Penn. Thesermen & Farmers' Mut. Cas. Ins.*, 280 F.2d 453, 458–59 (5th Cir. 1960))).

Plaintiff, argues, however, that an exception to this rule that applies only where "the court can determine that the allegations in the complaint could under no circumstances lead to a result which would trigger the duty to indemnify." *Mid-Contenent Cas.*, 766 F. App'x at 771 (quoting *Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1360 (M.D. Fla. 2001). "In such a situation," Plaintiff argues, "the court could adequately assess the duty to indemnify prior to the conclusion on the merits of the underlying action." (Resp. Lake Villa's Mot. Dismiss 4, ECF No. 17 (citing *Northland Cas.*, 160 F. Supp. 2d at 1360).) But, as the Eleventh Circuit explained in *Mid-Continent Casualty*, "the exception articulated in *Northland Cas.* . . . is not binding on this [C]ourt, and, to the extent that the exception is persuasive, it would not *compel* [this Court] to assess [the] duty to indemnify at this time." *See Mid-Continent Cas.*, 766 F. App'x at 771 (citing *Northland Cas*, 160 F. Supp. 2d at 1360). Therefore, because the Underlying Action may resolve in a finding that the insureds here are not liable, this Court finds that it is appropriate, under these

7

circumstances, to stay (rather than dismiss) Counts III–VI of the Complaint pending the resolution of the Underlying Action or a determination on Plaintiff's duty to defend. *See, e.g.*, *Liberty Mut. Ins. v. Mark Yacht Club on Brickell Bay, Inc.*, 2009 WL 10668946, at *2 (S.D. Fla. Apr. 24, 2009).

### III. CONCLUSION

Accordingly, it is ORDERED AND ADJUDGED that:

1. Lake Villa's Motion, (ECF No. 15), and Rodriguez's Motion, (ECF No. 49), are GRANTED IN PART and DENIED IN PART. Rodriguez's original motion, (ECF No. 47), is DENIED as MOOT.

2. This case is STAYED as it relates to Plaintiff's duty to indemnify pending (1) the resolution of the Underlying Action or (2) a ruling on its duty to defend. This Court retains jurisdiction over the entire case, but until the Underlying Action is resolved, it will only address the issue of Plaintiff's duty to defend.

3. The Parties SHALL file a joint status report with this Court within ten days following the resolution of the Underlying case that informs this Court whether the STAY in this case should be lifted or if the case need be dismissed. The parties shall also file a joint status report with this Court as to the progress of the Underlying Action **every thirty days**, starting on or before **thirty days from the date of this Order**. *Failure to comply with this Order will result in dismissal of the action without further notice.*

4. Defendants Lake Villa and Rodriguez shall file their respective answers to the Complaint, (ECF No. 1), as to all Counts **on or before Wednesday, April 6, 2022.**

DONE AND ORDERED in Chambers at Miami, Florida, on this 23rd day of March, 2022.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record

8