UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Arch Specialty Insurance Company,

    Plaintiff,

v.                                                                                            CASE NO: 1:21-cv-22252-JEM

Lake Villa Condo. Assoc., Inc.,
FirstService Residential Florida, Inc.,
Bird Lakes Development Corp.,
Daniel Zabludowski, Debra Zabludowski,
Danijela Juretic, and Raquel Rodriguez,

    Defendants.
_____/

**PLAINTIFF ARCH SPECIALTY INSURANCE COMPANY'S RESPONSE TO ORDER TO SHOW CAUSE AND MOTION TO DISMISS WITH PREJUDICE**

Plaintiff Arch Specialty Insurance Company ("Arch"),[1] hereby responds to this court's order to show cause, and pursuant to Federal Rule of Civil Procedure 41(a)(2), hereby moves this court for an order dismissing all remaining claims in this action, and therefore the action as a whole, with prejudice, all parties to bear their own costs and fees. This motion is supported by the below memorandum, incorporated herein.

**MEMORANDUM**

**INTRODUCTION**

As this court is aware, the within declaratory judgment action on insurance coverage was brought by Arch against parties to an underlying action for bodily injury and property damage arising out of water intrusion. The defendants herein included the plaintiffs in the underlying action, Danijela

---

[1] Fortitude P&C Solutions Inc. ("Fortitude"), a member of Fortitude Reinsurance Company, Ltd., is now the claims administrator for Arch.

Juretic and Raquel Rodriguez; and the defendants in the underlying action, Lake Villa Condominium Association, Inc. (the "Association"), FirstService Residential Florida, Inc. ("FirstService"), Bird Lakes Development Corporation ("Bird Lakes"), Daniel Zabludowski ("Da. Zabludowski"), and Debra Zabludowski ("De. Zabludowski"). Juretic and Bird Lakes were earlier dismissed from the within action.

Settlement of all remaining claims in the underlying action was reached between Rodriguez and the defendants therein on July 15 and 16, 2022, with Rodriguez' settlement with the Association reached at a mediation held on Saturday July 16, 2022. While Arch had previously intervened in the underlying action for the limited purpose of propounding jury interrogatories, undersigned counsel was not invited to participate in that mediation. While not represented at that mediation by its own counsel, consistent with such absence of representation, during the business week following the July 16, 2022 mediation, Arch was made to understand it possible that in reaching an oral agreement on settlement, no party's counsel present at the mediation—including insurance-assigned counsel for the Association—requested or even mentioned the required dismissal of the within declaratory judgment action with prejudice as further consideration for settlement, in connection with which dismissal Arch would have demanded that all parties bear their own fees and costs. It is not in dispute that such settlement of the underlying action included a substantial and non-*de minimus* contribution to settlement of the Association's own funds.

Thereafter, delays in the execution of a final settlement agreement between Rodriguez and the Association caused a corresponding delay in undersigned counsel's steps to dismiss the within action. However, undersigned counsel understands that a settlement agreement between Rodriguez and the Association was in fact executed on or about November 7, 2022.

On November 16, 2022, this court entered an order to show cause [ECF 100], ordering that the parties file dismissal documents on or before Monday November 21, 2022 [*id*.]. On November

18, 2022, on behalf of Arch, undersigned counsel circulated a proposed stipulation of dismissal with prejudice, all parties to bear their own costs and fees, and all parties agreed to the proposed stipulation except the Association. Counsel for the Association has informed undersigned counsel that rather than stipulate to a dismissal pursuant to which all parties would their own costs and fees, the Association will move this court for an award of its attorney's fees in the within action, pursuant to the Florida insurance title attorney's fees statute, s. 627.428, Fla.Stat. (the "Statute").[2]

Respectfully, because under Florida law an award of attorney's fees under the Statute is not owing in circumstances in which the insured contributes a non-*de minimus* amount to settlement, an application for an award of fees on behalf of the Association would necessarily be denied. Therefore, this court grant the within application and order dismissal with prejudice, all parties to bear their own costs and fees.

## LAW AND ARGUMENT

I.  This court should rule that the Association's non-*de minimus* participation in settlement moves this case outside of the attorney's fees Statute.

Initially, in the Statute, excerpted above, fees are provided for in the event of "a judgment or decree by any of the courts of this state against an insurer..."[3] Of course, an insurer's voluntary dismissal is not "a judgment or decree... against an insurer." However, recognizing the equities devolving upon insureds in connection with attorney's fees when insurers dismiss declaratory

---

[2] Section 627.428, Fla.Stat., entitled "Attorney fees," contains a Subsection (1) that reads in pertinent part as follows:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor or any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had...

[3] *Id*.

3

judgment actions, courts applying the statute have determined fictional "confession[s] of judgment" based on insurers' voluntary dismissals in certain circumstances.

The fictional "confession of judgment" was announced by the Florida Supreme Court in its 1983 decision in *Wollard v. Lloyd's*.[4] Analyzing the statute in the context of a direct action between insured and insurer on first-party coverage, the *Wollard* court opined as follows:

> When the insurance company has agreed to settle a disputed case, it has, in effect, declined to defend its position in the pending suit. Thus, <u>the payment of the claim</u> is, indeed, the functional equivalent of a confession of judgment or a verdict in favor of the insured.[5]

Recognizing that the *Wollard* court used the phrase "the payment of the claim," arguably that court meant the insurer's payment of the claim <u>in</u> <u>full</u>, rather than its partial payment of the claim. As such, if the insurer pays a portion of a claim, refuses to pay the balance, and the case settles through the insured's own financial participation, such would not be "the functional equivalent of a confession of judgment or a verdict in favor of the insured."

In its 1996 decision in *USF&G v. Murray*,[6] the Fourth District applied *Wollard* in the context of a declaratory judgment action on liability (third-party) coverage, affirming the trial court's award of attorney's fees against the insurer under Subsection (1) of the Statute. The *Murray* court opined as follows:

> USF&G filed a suit for declaratory relief against Lombardo and Company, contending that there was no coverage under their policy for the accident with Murray. Whatever merit there may have been to that aspect of USF&G's position, it was rendered moot by <u>USF&G's payment of $310,000</u> to Lombardo's insurer...[7]

---

[4] 439 So.2d 217 (Fla. 1983).

[5] *Id*., 439 So.2d at 218, emphasis added.

[6] 671 So.2d 812 (Fla 4th DCA 1996).

[7] *Id*., 671 So.2d at 813, emphasis added.

4

As above in *Wollard*, there is no indication that USF&G's payment was supplemented by additional settlement funds provided by its insured.

In its 2004 decision in *O'Malley v. Nationwide*,[8] a decision reversing trial court denial of an application for attorney's fees against an insurer under the Statute, Florida's Fourth District explained the logic of the fictional "confession of judgment" cases, making clear that such fictional confession of judgment pertained <u>when the insured obtained everything in settlement that it wanted</u> (*i.e.*, defense and full indemnity). Relying on and explaining the Florida Supreme Court decision in *Wollard*, the *O'Malley* court opined as follows:

> As it turned out, however, Nationwide furnished the insured a defense and settled the claim. <u>Nationwide, in that action, provided the insured precisely what Nationwide was contending the insured was not entitled to in the declaratory action</u>. When Nationwide dismissed the declaratory action, it was thus the "functional equivalent of a confession of judgment or a verdict in favor of the insured" in the declaratory action. *Wollard*...[9]

Importantly, a year later in *Mercury v. Cooper*,[10] in affirming an attorney's fee award under Subsection (1) of the Statute, applying *Wollard* and also referencing *O'Malley*, Florida's Third District added the word "unilateral" to its analysis of the statute, as follows:

> Under Florida law, <u>it is the insurer's unilateral decision to settle an insurance claim</u> and dismiss a related declaratory judgment action that triggers the insured's entitlement to attorney's fees under the statute. See [*Wollard*]...[11]

Even recognizing that the contribution to settlement at bar of a co-primary insurer was expected and not subject of the declaratory judgment action, certainly the settlement was not

---

[8] 890 So.2d 1163 (Fla 4th DCA 2004).

[9] *Id.*, 890 So.2d at 1164, emphasis added, citing and following *Wollard*. See *Direct General v. Gay*, 2012 U.S.Dist.Lexis 165659, p. 6 (N.D.Fla. 2012), citing and following *Wollard* ("Then when the plaintiff settled the underlying state case <u>they provided the defendants with the precise relief they alleged the defendants were not entitled to</u>. Therefore, the settlement was a confession of judgment" [emphasis added]).

[10] 919 So.2d 491 (Fla 3d DCA 2005).

[11] *Id.*, 919 So.2d at 493, emphasis added, citing and following *Wollard*.

"unilateral" on the parts of the insurers collectively, as the Association also needed to contribute its own funds in an amount not disputed substantial to settle the underlying action. Thus, based on the failure of satisfaction of the "unilateral" requirement set forth in *Cooper*, an award of attorney's fees against Arch under the Statute is not warranted.

Finally, addressing facts closest to those at bar, involving an insured's contribution of its own funds to settlement, in its 2017 decision reversing the district court's denial of attorney's fees under Subsection (1) of the Statute in *W&J v. Houston Specialty*,[12] the Eleventh Circuit held the insured's participation in settlement insufficient to avoid "confession of judgment" under the statute only because the insured's contribution of $3,000—"less than 2% of the total settlement amount"[13]—was *de minimus*, as follows:

> ...That the insureds also contributed $3,000 toward the settlement award—in and of itself—does not alter materially the nature of HSIC's decision to abandon its position in the declaratory judgment action.
>
> Given the circumstances—particularly where the insureds' contribution constituted less than 2% of the total settlement amount—we see no meaningful distinction between this case and the facts involved in *Cooper*.... and *O'Malley*...[14]

Without here presenting settlement details, it will not be disputed by any party that the Association's contribution of its own funds to settlement of the underlying action was substantial, and by no means *de minimus*. As such, this court should conclude that there can be no question but that the Association's participation in settlement did in fact "alter materially" Arch's decision to abandon its position in the declaratory judgment action, as such determining a "material distinction between this case" and prior cases in which courts have granted or affirmed awards of attorney's fees under the Statute.

---

[12] 684 Fed.Appx. 867 (11th Cir. 2017).

[13] *Id*. at 870.

[14] *Id*., 684 Fed.Appx. at 870, citing *Cooper* and *O'Malley*, emphasis added.

Therefore, respectfully, this court should rule that the Association is not entitled to an award of attorney's fees against Arch, and consistent with that determination should grant the within application for dismissal with prejudice, all parties to bear their own costs and fees.

Respectfully submitted,

*/s/ Jay W. Pearlman*
Seth V. Alhadeff
Jay W. Pearlman
**Lewis Brisbois Bisgaard & Smith LLP**
2 Alhambra Plaza, Suite 1110
Coral Gables, FL 33134
Telephone: (786) 353-0241
Facsimile: (786) 513-2249
seth.alhadeff@lewisbrisbois.com
jay.pearlman@lewisbrisbois.com
*Counsel for plaintiff Arch Specialty Insurance Company*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on November 21, 2022, I caused this document to be filed via CM/ECF, which automatically results in service upon the parties to this action.

              */s/ Jay W. Pearlman*
              Seth V. Alhadeff
              Jay W. Pearlman
              **Lewis Brisbois Bisgaard & Smith LLP**
              2 Alhambra Plaza, Suite 1110
              Coral Gables, FL 33134
              Telephone: (786) 353-0241
              Facsimile: (786) 513-2249
              seth.alhadeff@lewisbrisbois.com
              jay.pearlman@lewisbrisbois.com
              *Counsel for plaintiff Arch Specialty Insurance Company*