**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 1:21-cv-22252-JEM/Becerra

Arch Specialty Insurance Company,

      Plaintiff,

v.

Lake Villa Condominium Association,
Inc., *et al.*,

      Defendants.

_____/

**REPORT AND RECOMMENDATION**
**ON PLAINTIFF'S MOTION TO DISMISS[1]**

THIS CAUSE came before the Court on Plaintiff Arch Specialty Insurance Company's ("Plaintiff" or "Arch Specialty") Response to Order to Show Cause and Motion to Dismiss With Prejudice (the "Motion to Dismiss"), ECF No. [101].  Defendant Lake Villa Condominium Association ("Lake Villa") filed a Response to the Motion to Dismiss, ECF No. [108], Plaintiff filed a Reply, ECF No. [111], and, with leave of Court, Lake Villa filed a Sur-Reply, ECF No. [115].  Upon review of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby **RECOMMENDED** that Plaintiff's Motion to Dismiss, ECF No. [101], be **GRANTED IN PART AND DENIED IN PART**.  The action should be dismissed with prejudice.

## I.  BACKGROUND

This is an action for a declaratory judgment to clarify an insurer's (Plaintiff) obligation to defend and/or indemnify certain insureds in an underlying state court action for insurance

---

[1] The instant Motion was referred to the undersigned by the Honorable Jose E. Martinez, United States District Court Judge, ECF No. [116].

coverage. *See* ECF No. [1]. Specifically, Plaintiff entered into two insurance contracts with Lake Villa in or about June 2013 and June 2014, the latter of which was effective through June 20, 2015 (collectively, the "Policies"). *Id.* ¶ 12. During that time, two individuals, Danijela Juretic ("Juretic") and Raquel Rodriguez ("Rodriguez"), occupied a condominium unit owned by Debra and Daniel Zabludowski, within Lake Villa. *Id.* ¶ 1. In 2014 and 2015, Juretic and Rodriguez experienced water intrusion into their condominium unit. *Id.* On March 21, 2016, Juretic and Rodriguez initiated a lawsuit for bodily injury and property damage resulting from that water damage, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County against Lake Villa, FirstService Residential Florida, Inc. ("FirstService"), Bird Lakes Development Corporation ("Bird Lakes"), Daniel Zabludowski, and Debra Zabludowski (the "Underlying Action"). *Id.* The Underlying Action alleged that the water intrusion was the result of acts or omissions by those defendants. *Id.* ¶ 18.

On June 18, 2021, while the Underlying Action remained pending, Plaintiff filed the Complaint in this action. *See id.* In this Court, Plaintiff sought a declaratory judgment against Defendants Lake Villa, FirstService, Bird Lakes[2], Daniel Zabludowski, Debra Zabludowski, Juretic[3], and Rodriguez, that Plaintiff does not have obligations to defend or indemnify Lake Villa or FirstService in the Underlying Action. *Id.* Plaintiff, however, was defending Lake Villa and First Service in the Underlying Action, "subject to complete reservations of rights." *Id.* ¶ 30.

Defendants Lake Villa and Rodriguez each filed motions to dismiss Plaintiff's Complaint. ECF Nos. [15], [49]. As to each motion, the District Court granted in part and denied in part. ECF

---

[2] Defendant Bird Lakes was voluntarily dismissed without prejudice on July 2, 2021. *See* ECF Nos. [6], [7].

[3] Defendant Juretic was voluntarily dismissed without prejudice on December 7, 2021. *See* ECF Nos. [49]–[51].

No. [75].  The Court held that "[t]his case is STAYED as it relates to Plaintiff's duty to indemnify pending (1) the resolution of the Underlying Action or (2) a ruling on its duty to defend," and ordered the Parties to

> file a joint status report with this Court within ten days following the resolution of the Underlying case that informs this Court whether the STAY in this case should be lifted or if the case need be dismissed.  The parties shall also file a joint status report with this Court as to the progress of the Underlying Action **every thirty days**, starting on or before **thirty days from the date of this Order** [March 23, 2022].  *Failure to comply with this Order will result in a dismissal of the action without further notice.*

*Id.* at 8.

On June 24, 2022, in accordance with the Court's Order, ECF No. [75], the Parties filed a Joint Status Report (the "June Report"), ECF No. [96].  The June Report stated that the Underlying Action "remains set for a three (3) week trial period commencing on August 9, 2022," and that "[t]he parties will file another Joint Status Report in thirty (30) days or within ten (10) days following the resolution of the [State Court Action], whichever is earlier."  ECF No. [96] at 1–2.

On July 25, 2022, Defendants filed a status report (the "Defendants' July Report"), stating that "the court in the [State Court Action] has entered an Order of Dismissal based on Settlement (Exhibit A), based on Raquel Rodriguez's Notice of Settlement (Exhibit B)," and that "[t]he Underlying Action has been settled pending execution of a settlement agreement and release, which will make this case moot.  Upon execution of the settlement agreement and release for the Underlying Action, [Plaintiff] shall dismiss this case with prejudice as moot."  ECF No. [97] at 1.

The following day, on July 26, 2022, Plaintiff filed an alternative status report ("Plaintiff's July Report"), stating that:

> the parties to the underlying action . . . have reached a tentative settlement, subject to negotiation and execution of a settlement and release agreement.  And while counsel for [Lake Villa] is correct both that the plaintiff in the underlying action filed a notice of settlement and that the court in that action entered an order of dismissal, respectfully, a settlement agreement has yet to be negotiated or executed,

> and absent such an agreement no obligation to pay the tentative settlement amount devolves upon [Plaintiff].  That said, [Lake Villa] and other signatories to the joint status report [ECF 97] are correct in their final paragraph: The Underlying Action has been settled pending execution of a settlement agreement and release, which will make this case moot.  Upon execution of the settlement agreement and release for the Underlying Action, [Plaintiff] shall dismiss this case with prejudice as moot.  [*Id.*, p. 2].

ECF No. [98] at 1–2.

Later the same day, the District Court entered an Order on Notice of Settlement, requiring the Parties to file a "Stipulation of Dismissal (signed by all parties who have appeared in this action"), **which must be filed with the Clerk of the Court**; a proposed Order of Dismissal or Final Judgment; and any other documents necessary to conclude this action **on or before 60 days of the date of this Order**."  ECF No. [99] at 1 (emphasis in original).  The Parties failed to comply with the District Court's Order, and the Court accordingly issued an Order to Show Cause as to "why this case should not be dismissed without prejudice."  ECF No. [100].

## II.   INSTANT MOTION

In response to the District Court's Order to Show Cause, ECF No. [100], Plaintiff filed the instant Motion to Dismiss with Prejudice.  ECF No. [101].  Therein, Plaintiff moves to dismiss the instant action pursuant to Federal Rule of Civil Procedure 41(a)(2).  *Id.* at 1.  Notably, however, Plaintiff seeks an order dismissing the action with "all parties to bear their own costs and fees." *Id.*  Plaintiff states that all Parties have agreed to the proposed Stipulation of Dismissal, except for Lake Villa, who opposes the inclusion of the requirement that all Parties bear their own costs and fees.  *Id.* at 3.  Plaintiff argues that Lake Villa will seek attorneys' fees under Section 627.428 of the Florida Statutes, when attorneys' fees would not be due and owing to Lake Villa, because Plaintiff has contributed a "non-*de minimus* amount to settlement."  *Id.*

Lake Villa filed a Response to the Motion to Dismiss, ECF No. [108].  Lake Villa argues that the action should be dismissed with prejudice but should not include the language requiring

"all parties to bear their own costs and fees." *Id.* at 1–2. Lake Villa argues that such a request by Plaintiff is premature, as Lake Villa has not yet moved for attorneys' fees, has not had an opportunity to comply with the Local Rules of this Court requiring conferral—among other procedural steps—and that even if Lake Villa were to move for attorneys' fees, the Florida Statutes would entitle Lake Villa to the same. *Id.* at 1–2.

Plaintiff filed a Reply in support of the Motion to Dismiss. ECF No. [111]. Plaintiff argues that the "single issue remain[ing]" before the Court is Lake Villa's "<u>expected</u> application for an award of attorney's fees." *Id.* at 1. Plaintiff argues that it has not admitted that Lake Villa is entitled to attorneys' fees in the underlying action, that Plaintiff expected the settlement agreement to include a provision that all parties bear their respective costs and fees, that the attorneys' fee issue is properly before the Court because Lake Villa addressed it in its Response, and that case law in this Circuit dictates that Lake Villa would not be entitled to attorneys' fees under Section 627.428 of the Florida Statutes. *Id.* at 2–8.

Lake Villa filed a Sur-Reply, with leave of Court. ECF No. [115]. Lake Villa's Sur-Reply argues that Plaintiff is incorrect in stating that it expected a settlement agreement to include the provision requiring each party to bear its own fees and costs (as evidenced by e-mail correspondence attached to the Sur-Reply). *Id.* at 1–4. Additionally, Lake Villa argues that Plaintiff's reliance on Eleventh Circuit case law regarding contribution amounts is based entirely on *dicta*, and further, that such a reading is not supported by the case law or statute's purpose. *Id.*

## III. ANALYSIS

"Federal Rule of Civil Procedure 41 governs the 'Dismissal of Actions' in general, and Rule 41(a) outlines the procedure for voluntary dismissals at the parties' request." *Rosell v. VMSB,*

*LLC*, 67 F.4th 1141, 1143 (11th Cir. 2023).  Rule 41(a)(2) "specifies when an 'action' can be dismissed at plaintiff's request by court order." *Id.*  Rule 41(a)(2) provides,

> *(2) By Court Order; Effect.*  Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . .  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

FED. R. CIV. P. 41(a)(2).  "Generally speaking, a motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit."  *Dobbs v. Allstate Indemnity Co.*, No. 21-13813, 2022 WL 1686910, at *6 (May 26, 2022) (quoting *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015)).  Further, "[i]n exercising its 'broad equitable discretion under Rule 41(a)(2),' the district court must 'weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.'"  *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1256 (11th Cir. 2001) (citing *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986)).

The Parties do not dispute that the action should be dismissed *with prejudice* under Rule 41(a)(2).  *See* ECF Nos. [101], [108].  The dispute arises only as to the *terms* of the dismissal. Specifically, Plaintiff seeks the inclusion of language requiring "all parties to bear their own costs and fees," and Lake Villa objects to that language.  *Id.*  Because the language of Rule 41(a)(2) directs the Court to dismiss the action "on terms that the court considers proper," the Court has discretion over the terms of the dismissal herein.  *See Pontenberg*, 252 F.3d at 1256.

The Court finds that the action should be dismissed with prejudice pursuant to Rule 41(a)(2), but that the language requiring "all parties to bear their own costs and fees," is unnecessary at this stage.  First, Plaintiff's request is premature.  Neither Lake Villa nor any other Defendant has moved for attorneys' fees in this action.  While Plaintiff asserts that Lake Villa *will*

argue its entitlement to attorneys' fees under Section 627.428 of the Florida Statutes, Plaintiff admits that such an argument is based only on Lake Villa's "expected application for an award of attorney's fees." ECF Nos. [101] at 3; [111] at 1 (emphasis in original). Any ruling on the issue of Lake Villa's entitlement to attorneys' fees, which have not yet been sought, would amount to an impermissible advisory opinion. *See Gagliardi v. TJCV Land Trust*, 889 F.3d 728, 733 (11th Cir. 2018) ("We are not in the business of issuing advisory opinions that do not 'affect the rights of litigants in the case before' us or that merely opine on 'what the law would be upon a hypothetical state of facts.'") (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)). The Court should not preemptively find that Lake Villa is not entitled to attorneys' fees based on either Section 627.428 of the Florida Statutes, or any other authority not yet raised.

The issue of premature adjudication is further compounded by the fact that Section 627.428 of the Florida Statutes was repealed. FLA. STAT. § 627.428 (repeal effective March 24, 2023). The version of the statute effective at the time of Plaintiff's Motion to Dismiss required "a judgment or decree by any of the courts of this state against an insurer and in favor of . . . [an] insured," for attorneys' fees to be awarded—which neither Party argues has occurred, as their arguments are directed at the voluntary dismissal that would result from the instant Motion to Dismiss. FLA. STAT. § 627.428(1) (effective May 26, 2022 to December 15, 2022). Thus, the applicability of any version of Section 627.428, and the corresponding case law interpreting the same, is an issue that has not been addressed by the Parties and need not be opined on without such argument.

Finally, as Defendant notes, the Parties have not yet complied with Local Rule 7.3, which sets out requirements regarding motions for attorneys' fees and costs. Specifically, Rule 7.3 directs that "[a] motion for an award of attorneys' fees and/or non-taxable expenses and costs arising from the entry of a final judgment or order shall not be filed until a *good faith effort to resolve the motion*

[] has been completed." S.D. Fla. L.R. 7.3(a) (emphasis added).  Neither party has certified that such a conferral has taken place, and Defendant explicitly argues that it has not.  *See* ECF No. [108] at 7 ("The rule [7.3] seeks to encourage the parties to resolve attorney's fees disputes amongst themselves *prior to the Court's involvement*, thereby promoting judicial economy. [Plaintiff] attempts an end-around this process through a motion to dismiss.") (emphasis in original).  Precluding Lake Villa from filing a motion for attorneys' fees should not be permitted given the posture of the case.  Whether that motion would prevail is an issue for another day.

## IV.    RECOMMENDATION

For the reasons noted above, the Court **RECOMMENDS** that Plaintiff's Motion to Dismiss, ECF No. [101], be **GRANTED IN PART AND DENIED IN PART**.  The action should be dismissed with prejudice, provided that such dismissal not include any restriction on the parties' ability to seek attorneys' fees and costs.

## V.    OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Judge for the Southern District of Florida, no later than **FOURTEEN (14) DAYS** from the date of this Report and Recommendation.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Report and Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1)(C); *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida on July 18, 2023.

_____

**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**